UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

SAMUEL K. CRENSHAW

Debtor.

Case No. 04-69558
Chapter 7
Hon. Marci B. McIvor

_____/

GENE R. KOHUT, Trustee,

Plaintiff,

v.

Adv. Proc. 05-4021

NOVELLE FINANCIAL SERVICES, INC., and
DLJ MORTGAGE CAPITAL, INC.,

Defendants.

_____/

## OPINION GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This case is before the Court on the Defendants' Motion for Summary Judgment. The parties agree that there are no disputed facts, and the Court has determined that oral argument is unnecessary. For the reasons set forth below, this Court GRANTS Defendants' Motion for Summary Judgment.

I.

## FACTUAL BACKGROUND

A.  Underlying Facts

On February 23, 2004, Debtor refinanced the property located at 1735 Patterson Street, Ortonville, MI 48462 (the "Patterson Property") with Novelle Financial Services and executed a mortgage to Novelle giving it a security interest in the Patterson Property. The mortgage was recorded on August 31, 2004 with the Oakland County Register of Deeds. The mortgage was assigned to DLJ Mortgage on September 14, 2004 and recorded on September 28, 2004. On September 17, 2004, DLJ commenced foreclosure proceedings by way of publication of the notice of foreclosure. A foreclosure sale was held on October 19, 2004, and a Sheriff's Deed was executed granting DLJ an equitable interest in the property. According to the Sheriff's Deed, the foreclosure sale took place at 10:00 a.m. Approximately three hours after the foreclosure sale took place, at 1:04 p.m. on October 19, 2004, Debtor filed his Chapter 7 bankruptcy petition. On October 26, 2004, the Sheriff's Deed was recorded.

B.  Procedural Background

1.  Lift Stay Motion

On December 27, 2004, DLJ filed a Motion for Relief from Stay in Debtor's bankruptcy case. On January 10, 2005, the Trustee filed a response to the lift stay motion, opposing the lift of stay on the grounds that Debtor's granting of a mortgage to DLJ was an avoidable preferential transfer. On that same day, the Trustee filed an adversary complaint alleging two counts: I. Avoidance of Preferential Transfers; and II.

2

Claim Disallowance. The Trustee amended the adversary complaint on February 1, 2005 to include a third count: III. Avoidance of Foreclosure Sale. Also, on February 1, 2005, in response to this Court's request for additional briefing, the Trustee filed a brief in response to the lift stay motion, objecting to the lift of stay on the grounds that: (1) the Trustee had the right to avoid Debtor's granting of the mortgage to DLJ because it was a preferential transfer; and (2) the Trustee could avoid the foreclosure sale pursuant to § 544. Apparently, the Trustee opposed the lift stay motion because he was concerned that, if the stay were lifted, his rights to initiate a preference action would be prejudiced.

On March 2, 2005, this Court issued its Order Granting DLJ Mortgage's Motion for Relief from Stay. This Court found that, under § 362(d)(1), there was "cause" to lift the stay because Debtor did not have an interest in the Patterson Property, except for the right of redemption which Debtor had relinquished. Additionally, this Court found that the stay could be lifted under § 362(d)(2) because Debtor did not have equity in the Patterson Property and the property is not necessary to an effective reorganization because this case is not a reorganization, but a liquidation under chapter 7.[1]

---

[1] Bankruptcy Code § 362(d) provides:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as terminating, annulling, modifying, or conditioning such stay:

(1) for cause, including lack of adequate protection of an interest in property of such party in interest;

(2) with respect to a stay of an act against property under subsection (a) of this section, if –

3

In its Order, the Court also addressed, in dicta, the Trustee's claim that Debtor's granting of the mortgage to DLJ was a preferential transfer. Specifically, this Court rejected the Trustee's arguments that he had the right to avoid Debtor's granting of the mortgage to DLJ, and that he could avoid the foreclosure sale. The Court rejected these arguments on the grounds that, at the time of the petition, the mortgage and Debtor's interest in the Patterson Property had been extinguished as a result of the foreclosure sale. Thus, the Trustee could not reinstate the mortgage or recover the property or the value of the property under § 547(b) and § 550(a).

In the final paragraph of this Court's Order Granting DLJ Mortgage's Motion for Relief from Stay, the Court scheduled a status conference on the adversary proceeding for March 15, 2005. At the status conference, the Court asked the Trustee whether he intended to pursue the adversary proceeding. The Trustee stated that he had filed a Motion for Reconsideration of the Court's March 2, 2005 order lifting the stay. The Court then indicated that it would rule on the Motion for Reconsideration.

2. <u>Motion for Reconsideration of the Order Lifting Stay</u>

The Trustee's Motion for Reconsideration stated, *inter alia*, that "the Trustee may have inadvertently misled the court by raising the issue of the preference action in the context of the motion to lift stay . . ." and that "[d]isposing of the Trustee's adversary

---

(A) the debtor does not have equity in such property; and

(B) such property is not necessary to an effective reorganization.

4

proceeding in the context of [the Lift Stay Motion] is a palpable error for which the court should reconsider its order." Motion for Reconsideration at ¶¶ 10 and 11.

On March 15, 2005, the Court issued its "Order Granting Trustee's Motion for Reconsideration and Clarifying Order Granting Motion for Lift of Stay". The Court stated in its Reconsideration Order that it appeared that "there is confusion with regards to the effect of an Order Lifting Stay Granted on March 2, 2005." In the Reconsideration Order, the Court lifted the stay with respect to the Patterson Property but stated that the Court's Order lifting the stay did not dispose of this adversary proceeding. Specifically, the Court stated, "the viability of the Trustee's complaint to avoid DLJ Mortgage's preferential transfer should be determined in the confines of the adversary proceeding and on the merits of that cause of action."

### 3. The Adversary Proceeding

On March 29, 2005, Defendants filed a Motion for Summary Judgment on the Trustee's adversary complaint, claiming that there are no genuine issues as to any material fact and that they are entitled to judgment as a matter of law. Plaintiff filed his response to the Motion on April 12, 2005. The parties agree that there are no disputed facts and the Court has determined that oral argument is unnecessary.

II.

## ANALYSIS

In their Motion for Summary Judgment, Defendants raise the same arguments they made in the lift stay motion, those being, at the time of the filing of the petition, the

5

Patterson Property was not property of Debtor subject to avoidance under § 544 or § 547. Defendants further argue that summary judgment is appropriate based on the doctrines of Law of the Case and Collateral Estoppel because the Court has already decided the relevant issues as set forth in the Order Granting DLJ Mortgage's Motion for Relief from Stay.

The Trustee opposes the Motion for Summary Judgment on two grounds. First, the Trustee argues that even though under state law, a foreclosure extinguishes a mortgage, Defendants' pre- petition failure to record the mortgage within ten days after the mortgage was executed, and subsequent recording within 90 days of the bankruptcy filing, constitutes a preferential transfer. The Trustee further argues that the operative date for determining whether a preferential transfer occurred is the date of the transfer, regardless of the fact that the mortgage is later extinguished.

Second, the Trustee argues that his strong arm powers can avoid the foreclosure sale under § 544. Specifically, the Trustee argues that, because the sheriff's deed resulting from the foreclosure sale was not recorded until seven days post-petition, that transfer can be avoided because, at the time of the bankruptcy filing, the Trustee, as a bona fide purchaser could gain good title to the property. Therefore, under § 544, the Trustee can avoid the foreclosure sale.

The Court rejects Defendants' argument that the Court's opinion and order granting Defendants' motion for lift of stay collaterally estops Plaintiff from raising the preference issue as a defense to Defendants' Motion for Summary Judgment. The Court's opinion on the lift of stay issue contained dicta on the Trustee's preference claim, only because of the manner in which the Trustee had framed his argument

6

responding to the lift of stay motion. The issue decided by the Court in its prior opinion was whether Defendants had grounds for lifting the stay pursuant to 11 U.S.C. § 362. The Court determined that neither the Trustee nor Debtor had any interest in the Patterson Property other than the right of redemption. Since the Trustee had no intention of redeeming the Property, the Court held that there was cause to lift the stay. However, upon consideration of the arguments raised by the Trustee both in his response to the lift stay motion and his response to the Motion for Summary Judgment, the Court rejects the arguments for the reasons set forth below.

### 1. A Mortgage Which Does Not Exist at the Time of the Filing of the Petition Cannot Be Avoided.

Prior to the filing of a bankruptcy, parties rights are controlled by state law. Under Michigan law, a foreclosure sale extinguishes a mortgage. *Dunitz v. Woodford Apartments, Co.*, 209 N.W. 809 (Mich. 1926). When a petition is filed, a trustee's rights are created. In this case, by the time the bankruptcy was filed and the Trustee's rights were created, the foreclosure sale had already occurred and the mortgage had been extinguished. Therefore, there was no mortgage for the Trustee to avoid. For this reason, the Trustee cannot seek to avoid the transfer of a mortgage which, at the time of the filing of the petition, did not exist.

The fact that the mortgage was extinguished pre-petition under state law, distinguishes this case from the typical Chapter 7 case where a debtor has a mortgage securing an interest in real property at the time of filing. In most mortgage avoidance actions brought by a Chapter 7 Trustee, the issue is either: (1) whether the mortgage

7

was recorded in a timely fashion; or (2) whether the mortgage was properly executed. If the mortgage was recorded outside the time period allowed by § 547(e), or if the mortgage was not properly executed, the Trustee is able to avoid the *existing mortgage*. In this case, however, at the time Debtor filed his petition, there was no mortgage. Therefore, the Trustee cannot avoid DLJ's mortgage because it did not exist at the time of the bankruptcy. A preference action to avoid a mortgage based on the transfer date as set by § 547(e) can only exist if the mortgage still exists at the time the Debtor files for bankruptcy.[2] Therefore, the Trustee does not have grounds for a preference action in this case.

The loss to the estate which the Trustee is trying to prevent occurred because Debtor failed to file his petition prior to the foreclosure sale. It is precisely because mortgages are extinguished by foreclosure that debtors race to the courthouse to file their petitions prior to those sales. This Debtor missed filing his petition prior to the foreclosure sale by just over three hours. However, once the sale took place, neither the Debtor, nor the Chapter 7 trustee, can reinstate the mortgage and avoid it under § 547(b).[3]

---

[2] A preference action to seek the return of *funds* paid by a debtor to pay-off a mortgage would be an entirely different case from this case because, in this case, the mortgage was extinguished by operation of a state law foreclosure.

[3] The Trustee also argues, in the lift stay proceeding, that even if the property itself could not be recovered, its value can be brought into the estate under § 550(a). 11 U.S.C. § 550(a) provides:

> Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property. . .

8

This Court finds that the cases relied upon by the Trustee, as argued in the lift stay motion and in the instant motion, are factually distinguishable from the instant case. In both *Kline v. Mortgage Investors Corp (In re Kline)*, 242 B.R. 306, 310 (Bankr. W.D.N.C. 1999) and *Burns v. IMC Mortgage Co. (In re Burns)*, 322 F.3d 421 (6th Cir. 2003), a mortgage existed at the time the debtor filed for bankruptcy. In *Kline*, the trustee was able to avoid the mortgage because the mortgage had been recorded in the wrong county; in *Burns*, the trustee was able to avoid the mortgage because it had not been executed properly. Neither case involved a mortgage which was extinguished pursuant to state law prior to the filing of the bankruptcy.

The case of *In re Jarosz*, 322 B.R. 662 (Bankr. E.D. Wis. 2005) is also distinguishable from the instant case. The Trustee cites *Jarosz* for the proposition that a transfer which is invalid under state law still qualifies as a preference under § 547. In *Jarosz*, the issue was whether the recording of a defective mortgage constituted a transfer of an interest in property subject to the trustee's avoidance powers. In *Jarosz*, the subject mortgage had not been signed properly and, therefore, was defective under state law. The *Jarosz* court held that, despite the fact that the mortgage had been signed improperly, the debtors continued to have a valid property interest in the mortgage subject to the trustee's avoidance powers and status as a hypothetical bona fide purchaser. Unlike the *Jarosz* case, in this case, Debtor does not have an interest in

---

Section 550(a) does not apply because § 550(a) presupposes that the Trustee could avoid the "transfer." In this case, the Trustee cannot avoid the "transfer" because the "transfer" the Trustee seeks to avoid is the granting of the mortgage by Debtor to Defendants. Once Debtor's interest in the Patterson Property was extinguished pre-petition by the foreclosure sale, any issue regarding the timing of the transfer became moot.

9

property which the Trustee can avoid because, as a matter of law, Debtor's interest in the property had been extinguished prior to the filing of bankruptcy. Pursuant to *Dunitz*, 209 N.W. at 809, the only interest Debtor had at the time of the petition was his right of redemption, which was not tolled and which has expired, and which is not the subject of the Trustee's Complaint.

In sum, the cases relied upon by the Trustee are inapplicable to the facts of this case. In each of the cases relied upon by the Trustee, the debtor had an interest in the real property at the time of filing, and that property became property of the estate. The debtor's interest in the real property was encumbered by a mortgage, and the avoidance of the mortgage generated value for the estate. In the instant case, the foreclosure sale *extinguished* the mortgage. There is no mortgage to avoid and there is no property to sell. Defendants' Motion for Summary Judgment is granted as to Count I of Plaintiff's Complaint.

2. **The Trustee's Strong Arm Powers under § 544 Cannot Avoid a Foreclosure Which Occurred Pre-Petition.**

The Trustee argues that he can avoid the foreclosure sale under his strong arm powers and status as a hypothetical bona fide purchaser under § 544(a)(3). 11 USC 544(a)(3) states:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by –
>
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has

10

05-04021-mbm    Doc 23    Filed 05/23/05    Entered 10/06/05 12:41:15    Page 10 of 12

perfected such transfer at the time of the commencement of the
case, whether or not such a purchaser exists.

The Trustee argues that his status as a hypothetical bona fide purchaser survives the foreclosure sale because the sheriff's deed was not recorded until seven days after the filing of the bankruptcy petition. Therefore, the Trustee claims that the transfer resulting from the foreclosure sale can be avoided because the Trustee, as a bona fide purchaser, could gain good title to the Patterson Property in the period after it was sold at the foreclosure sale but before the sheriff's deed was recorded.

This Court finds that the Trustee could not be a bona fide purchaser because Debtor did not have a property interest to transfer once the foreclosure sale took place, regardless of when the sheriff's deed was recorded. Under Michigan law, the interest of a mortgagor (in this case, Debtor) is extinguished at the time of the execution of the mortgage, not upon the recording of the deed. MCL 600.3130, entitled, "Sale of land on foreclosure; deed," provides that:

> (1) The person making the sale shall execute deeds specifying the names of the parties in the action [and other required information] . . . Unless the premises or any parcel of them are redeemed . . . **the deed shall become operative as to all parcels not redeemed, and shall vest in the grantee names in the deed**. . . all right, title, and interest which the mortgagor had **at the time of the execution of the mortgage** or at any time thereafter.
>
> (2) The deed of sale as soon as practicable and within 20 days after the sale shall be deposited with the register of deeds of the county in which the land therein . . . is situated . . . (emphasis added).

Stated differently, because the mortgage was extinguished by the foreclosure sale, any issue related to the recording of the mortgage is moot. As of the foreclosure sale, the mortgagee (DLJ) transferred its interest in the Patterson Property to a

11

purchaser, divesting Debtor from any property interest in the Patterson Property.[4]
Because Debtor has no property interest in the Patterson Property, the case of *In re Wohlfeil,* 322 B.R. 302 (Bankr. E.D. Mich. 2005), cited by the Trustee, is inapplicable to the instant case and does not support a finding that the Trustee's strong arm powers under § 544(a)(3) can avoid the sale. For this reason, Defendants' Motion for Summary Judgment is granted as to Count III of the Plaintiff's Complaint. Count II of the Plaintiff's Complaint is rendered moot because no preferential transferred occurred.

## CONCLUSION

For the above stated reasons, this Court GRANTS DLJ Mortgage's Motion for Summary Judgment.

Dated: **MAY 23 2005**
Detroit, Michigan

Marci B. McIvor
United States Bankruptcy Judge

cc: Gene Kohut
Brendan Best

---

[4] The Court notes that DLJ was both the mortgagee who foreclosed on the Patterson Property and the purchaser at the foreclosure sale. The fact that DLJ was both the foreclosing party and the purchaser is not relevant to this analysis.